**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Santiago G.,**

**Plaintiff,**

**-against-**

**Commissioner of Social Security,**

**Defendant.**

**1:25-cv-10688 (SDA)**

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Plaintiff Santiago G. ("Santiago" or "Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), challenging the final decision of the Commissioner of Social Security (the "Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Compl., ECF No. 1.) Now before the Court is Plaintiff's motion for judgment on the pleadings. (Pl.'s Mot., ECF No. 13.) For the reasons set forth below, Plaintiff's motion is GRANTED.

## BACKGROUND

### I. Procedural Background

Santiago filed an application for DIB and SSI on June 20, 2023, with an alleged onset date ("AOD") of June 30, 2018. (R. 17.)[1] The Social Security Administration ("SSA") initially denied his application on November 9, 2023, and again, following his request for reconsideration, on February 15, 2024. (*Id.*) On or about March 12, 2024, Santiago filed a request for a hearing before

[1] Citations to the Administrative Record, which is filed at ECF No. 10, are made using the prefix "R." followed by the relevant page number(s).

an Administrative Law Judge ("ALJ"). (*Id.*) A telephonic hearing was held on December 27, 2024, before ALJ Benjamin Chaykin. (*Id.*)

In a decision dated February 13, 2025, ALJ Chaykin found Santiago not disabled. (R. 17-31.) Thereafter, Santiago requested review of the ALJ's decision by the Appeals Council, and the Appeals Council denied the request on October 28, 2025. (R. 1-6.) As such, the ALJ's decision became the final decision of the Commissioner. (*See* R. 1.)

On December 23, 2025, Santiago commenced the current action, asserting that ALJ Chaykin's decision was erroneous, not supported by substantial evidence and/or contrary to the law. (Compl. ¶ 10.) On July 1, 2026, Santiago filed the motion now before the Court. (*See* Pl.'s Mot.; *see also* Pl.'s Mem., ECF No. 14.) On August 4, 2026, the Commissioner filed an opposition brief. (Comm'r's Br., ECF No. 16.) On September 16, 2026, Plaintiff filed a reply. (Pl.'s Reply, ECF No. 17.)

**II. <u>Non-Medical Evidence</u>**

Born on July 10, 1991, Santiago was 26 years old on the AOD. (R. 28.) He has a high school education. (R. 43.) Santiago has no past relevant work. (R. 28.)

**III. <u>Medical Evidence Before ALJ</u>**

The Court adopts the summary of the medical evidence set forth by Plaintiff (*see* Pl.'s Mem. at 6-9), which the Commissioner does not dispute. (*See generally* Comm'r's Br.) Relevant portions of the medical evidence are addressed in the Discussion Section, *infra*.

**IV. <u>ALJ Chaykin's February 13, 2025 Decision</u>**

In a decision February 13, 2025, applying the Commissioner's five-step sequential evaluation, *see* Legal Standards Section II, *infra*, ALJ Chaykin found at step one that Santiago had

not engaged in substantial gainful activity since the AOD. (R. 19.) At step two, the ALJ determined that the following impairments were severe: depressive disorder, anxiety disorder, attention-deficit hyperactivity disorder, adjustment disorder, asthma and chronic rhinitis. (R. 20.) At step three, the ALJ found that Santiago did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 20-23.)

The ALJ then assessed Santiago's residual functional capacity ("RFC"), determining that he could perform light work,[2] except that Santiago could "tolerate occasional exposure to extreme cold, extreme heat, humidity, dusts, odors, fumes, or other pulmonary irritants" and he could "understand, remember, and carry out simple instructions and make simple work-related decisions in a routine work setting." (R. 22.) Moving on to step four, the ALJ found that Santiago had no past relevant work. (R. 28.) At step five, the ALJ considered Santiago's age, education and job skills, along with the RFC determination, and based on testimony from the vocational expert ("VE") at the hearing, concluded there were jobs that existed in significant numbers in the national economy that Santiago could perform. (R. 29-31.) Therefore, the ALJ found that Santiago was not disabled from the alleged onset date through the date of the ALJ's decision and denied his claim for benefits. (R. 31.)

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b); *id*. § 416.967(b).

## LEGAL STANDARDS

### I. Standard Of Review

In reviewing a decision of the Commissioner, a court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then does it determine whether the Commissioner's conclusions were supported by substantial evidence." *Ulloa v. Colvin*, No. 13-CV-04518 (ER), 2015 WL 110079, at *6 (S.D.N.Y. Jan. 7, 2015) (citing *Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999)). "Even if the Commissioner's decision is supported by substantial evidence, legal error alone can be enough to overturn the ALJ's decision[.]" *Id*. (internal citation omitted); *accord Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). A court must set aside legally erroneous agency action unless "application of the correct legal principles to the record could lead only to the same conclusion," rendering the errors harmless. *Garcia v. Berryhill*, No. 17-CV-10064 (BCM), 2018 WL 5961423, at *11 (S.D.N.Y. Nov. 14, 2018) (quoting *Zabala v. Astrue*, 595 F. 3d 402, 409 (2d Cir. 2010)).

Absent legal error, the ALJ's disability determination may be set aside only if it is not supported by substantial evidence. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999). "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). However, "[t]he substantial evidence standard is a very deferential standard of review—even more so than the clearly erroneous standard, and the Commissioner's findings of fact must be upheld unless a

reasonable factfinder *would have to conclude otherwise.*" *Banyai v. Berryhill*, 767 F. App'x 176, 177 (2d Cir. 2019), *as amended* (Apr. 30, 2019) (summary order) (emphasis in original) (citation and internal quotation marks omitted). If the findings of the Commissioner as to any fact are supported by substantial evidence, those findings are conclusive. *Diaz v. Shalala*, 59 F.3d 307, 312 (2d Cir. 1995).

## II. Determination Of Disability

A person is considered disabled for benefits purposes when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether an individual is disabled, the Commissioner must consider: "(1) the objective medical facts; (2) diagnoses or medical opinions based on such facts; (3) subjective evidence of pain or disability testified to by the claimant or others; and (4) the claimant's educational background, age, and work experience." *Mongeur v. Heckler*, 722 F.2d 1033, 1037 (2d Cir. 1983) (per curiam) (citations omitted).

The Commissioner's regulations set forth a five-step sequence to be used in evaluating disability claims:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement . . . [continuous period of 12 months], or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 [(the "Listings")] . . . and meets the duration requirement, we will find that you are disabled.
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (internal citations omitted).

If it is determined that the claimant is not disabled at any step of the evaluation process, the evaluation will not progress to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). After the first three steps (assuming that the claimant's impairments do not meet or medically equal any of the Listings), the Commissioner is required to assess the claimant's RFC "based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1520(e), 416.920(e). A claimant's RFC is "the most [the claimant] can still do despite [the claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

The claimant bears the burden of proof as to the first four steps. *Melville v. Apfel*, 198 F.3d 45, 51 (2d Cir. 1999). It is only after the claimant proves that he cannot return to work that the burden shifts to the Commissioner to show, at step five, that other work exists in the national and local economies that the claimant can perform, given the claimant's RFC, age, education and past relevant work experience. *Id.* at 51-52; *see also Pines v. Comm'r of Soc. Sec.*, No. 13-CV-06850 (AJN) (FM), 2015 WL 872105, at *3 (S.D.N.Y. Mar. 2, 2015), *report and recommendation adopted*, 2015 WL 1381524 (S.D.N.Y. Mar. 25, 2015). If it is determined that the claimant is or is not disabled at any step of the evaluation process, the evaluation will not progress to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

## III. <u>Regulations Regarding Consideration Of Medical Opinions And Prior Findings</u>

Under the regulations applicable to Plaintiff's claim, the ALJ considers five factors in evaluating the persuasiveness of medical opinions: (1) supportability; (2) consistency; (3) relationship of the source with the claimant, including length of the treatment relationship, frequency of examination, purpose of the treatment relationship, extent of the treatment relationship and whether the relationship is an examining relationship; (4) the medical source's specialization; and (5) other factors, including but not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Using these factors, the most important of which are supportability and consistency, the ALJ must articulate "how persuasive [he] find[s] all of the medical opinions and all of the prior administrative medical findings in [the claimant's] case record." *Id.* §§ 404.1520c(b), 416.920c(b).

With respect to the supportability factor, the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). As to the consistency factor, the regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2). While the ALJ "may, but [is] not required to, explain how [he] considered" the factors of relationship with the claimant, the medical source's specialization, and other factors, the ALJ "*will* explain how [he] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings . . .." *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2) (emphasis added).

An ALJ must provide sufficient explanation to allow a reviewing court to "trace the path of [the] adjudicator's reasoning[.]" *Amber H. v. Saul*, No. 20-CV-00490 (ATB), 2021 WL 2076219, at *6 (N.D.N.Y. May 24, 2021) (quoting *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01, at 5858 (Jan. 18, 2017) ("We expect that the articulation requirements in these final rules will allow a . . . reviewing court to trace the path of an adjudicator's reasoning[.]")). An ALJ commits procedural error by failing to explain how he considered the supportability and consistency of medical opinions in the record. *See Loucks v. Kijakazi*, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022). A reviewing court still may affirm if "a

searching review of the record" assures it "that the substance of the [regulation] was not traversed." *Id.* (quoting *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019)).

**DISCUSSION**

In support of remand, referring to the opinions of consultative examiner, Dr. Jenouri, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ found Dr. Jenouri's opinion "somewhat persuasive," but rejected the most significant functional limitations without adequate explanation. (*See* Pl.'s Mem. at 12-14; Pl.'s Reply at 2.) The Commissioner disagrees, arguing that the ALJ did not err in his assessment of Dr. Jenouri's opinion and that the RFC determination is supported by substantial evidence. (*See* Comm'r's Br. at 4-8.)

On October 10, 2023, Dr. Jenouri conducted a consultative medical examination of Plaintiff. (R. 429-32.) Plaintiff reported to Dr. Jenouri that he was having frequent asthma attacks and needed to have to Albuterol[3] treatments routinely and oral corticosteroids[4] every day. (R. 429.) In his medical source statement, Dr. Jenouri opined as follows: "The claimant should avoid smoke, dust, and other known respiratory irritants and is restricted from mild or greater exertion due to respiratory distress." (R. 431.) The ALJ found Dr. Jenouri's "assessment" to be "somewhat persuasive" because it was "supported by Dr. Jenouri's explanation of his examination findings".[5]

[3] "Albuterol is used to prevent and treat difficulty breathing, wheezing, shortness of breath, coughing, and chest tightness caused by lung diseases such as asthma and chronic obstructive pulmonary disease." NIH MedlinePlus, *Albuterol Oral Inhalation*, https://perma.cc/677Z-JH42.

[4] Plaintiff reported taking the oral corticosteroid known as prednisone. (R. 429.) Prednisone is used to treat severe asthma. *See* Healthline, *Prednisone for Asthma: Does It Work?*, https://perma.cc/7NJQ-S3EX.

[5] The Commissioner argues that, "as highlighted by the ALJ, Dr. Jenouri's opinion about the degree of limitation was unsupported by his own findings that Plaintiff had very minimal right lung expiratory wheezes, normal anteroposterior diameter, and no significant chest wall abnormality." (Comm'r's Br. at 5-6 (citing R. 27, 430).) However, the ALJ appears to have found the opinion "supported by Dr. Jenouri's

and that "a degree of limitation from pulmonary irritants [was] consistent with the overall record, including the opinions of the State Agency Medical Consultants." (R. 27.) However, both of the State Agency Medical Consultants, Dr. J. Randall and Dr. S. Padmaraju, opined that Plaintiff should "[a]void [e]ven [m]oderate [e]xposure" to "[f]umes, odors, dusts, gases, poor ventilation, etc." (R. 70, 86.) "The use of the word 'even,' as opposed to merely 'avoid moderate exposure,' emphasizes the importance of limiting exposure and at least raises an ambiguity as to whether [such opinions] would reasonably support a finding that occasional exposure would be permissible." *Quinto v. Berryhill*, No. 17-CV-00024 (JCH), 2017 WL 6017931, at *10 (D. Conn. Dec. 1, 2017). Accordingly, the Court agrees with Plaintiff that the ALJ was required to further explain how he reached the RFC determination that Plaintiff could "tolerate occasional[6] exposure to extreme cold, extreme heat, humidity, dusts, odors, fumes, or other pulmonary irritants." (R. 22.)

Based upon the foregoing, the Court finds that the ALJ's conclusion that Plaintiff "can tolerate occasional exposure to extreme cold, extreme heat, humidity, dusts, odors, fumes, or other pulmonary irritants" is not supported by substantial evidence. *See Brouillette v. Astrue*, 901 F. Supp. 2d 328, 336-37 (N.D.N.Y. 2012) ("find[ing] that the basis for the ALJ's opinion in concluding that Plaintiff should specifically avoid 'more than moderate exposure' to respiratory irritants [was] not supported by substantial evidence" where ALJ's opinion was based upon

---

explanation of his examination findings." (R. 27.)

[6] The Social Security Administration defines "occasionally" as "occurring from very little up to one-third of the time." SSR 83-10, 1983 WL 31251, at *5, 6 (S.S.A. Jan. 1, 1983).

consulting physician's opinion that Plaintiff "should avoid even moderate but not all exposure to fumes, odors, dusts and gases"). Accordingly, remand is required.[7]

**CONCLUSION**

For the reasons stated above, Plaintiff's motion (ECF No. 13) is GRANTED, the decision of the Commissioner is reversed, and this action is remanded for further proceedings pursuant to sentence four of § 405(g). The Clerk of Court is respectfully directed to enter judgment and close this case.

**SO ORDERED.**

Dated: New York, New York
November 5, 2026

Stewart d. Aaron

STEWART D. AARON
United States Magistrate Judge

[7] Because the Court is remanding this case for the reasons set forth above, the Court does not address Plaintiff's arguments regarding step five. (*See* Pl.'s Mem. at 14-16.)